UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMIL RUTLEDGE,<br><br>Defendant. | Criminal Action No. 13-787-SDW<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about September 30, 2021, Defendant Emil Rutledge ("Rutledge" or "Defendant"), a convicted and sentenced federal prisoner, filed a self-styled "Untimely Motion Pursuant to Fed.R.Crim.P. 33(a)'s Interest of Justice Provision." (ECF No. 170). Rutledge seeks to vacate his RICO conviction and sentence "because one or more of [his] New Jersey state law [offenses are not] predicates [] pursuant [to] the federal RICO statute, because [it is] categorically overbroad in comparison with its federal counterpart." (*Id.* at 1).

2. On June 21, 2017, judgment was entered against Rutledge pursuant to the terms of his binding plea agreement, and he was sentenced to 360 months' imprisonment for racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 87). Pursuant to the plea agreement, Rutledge admitted to the following racketeering predicate crimes:

- Murder conspiracy and attempted murder of Victims 3-7, in violation of N.J.S.A. Sections 2C:5-1 and 2C:2-6;

- Murder of Victim 8, in violation of N.J.S.A. Sections 2C:11-3(a)(1) and (a)(2) and 2C:2-6; and

- Conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.

1

(ECF No. 69 at 2).

3. On or about May 29, 2018, Rutledge filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, raising several ineffective assistance of counsel claims. *Rutledge v. United States of America*, 18cv9816 (SDW) (ECF No. 1). This Court denied Rutledge's § 2255 motion on November 9, 2018. (ECF Nos. 12, 13).

4. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In rare situations, a petitioner can challenge his conviction under 28 U.S.C. § 2241, when § 2255 provides an inadequate or ineffective remedy. *Id.* This exception may not be invoked to avoid the "gatekeeping provisions" of § 2255, which include the bar on second or successive § 2255 motions without first obtaining permission from the appropriate Circuit Court of Appeals. *Id.*; *see* 28 U.S.C. § 2255(h).

5. Rutledge's motion under Rule 33 is essentially an unauthorized second or successive § 2255 motion. *See e.g. U.S. v. Bryant*, 186 F. App's 298, 299 (3d Cir. 2006) ("[a] Rule 33 motion, even if timely, may not be used to do an end-run around the time limitations of § 2255" (quoting *Johnson v. U.S.*, 246 F.3d 655, 659 (6th Cir. 2001)). Rutledge's challenge to his conviction, however, does not satisfy one of the two bases for seeking permission to file a second or successive § 2255 motion: (1) newly discovered evidence that would establish his actual innocence *of the offense of conviction* or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable to challenge his

conviction.[1]  28 U.S.C. § 2255(h).  Therefore, it is not appropriate to transfer Rutledge's motion to the Third Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, for consideration as a second or successive § 2255 motion.  Rutledge is not precluded from seeking permission from the Third Circuit under 28 U.S.C. § 2255(h) to file a second § 2255 motion.

**IT IS therefore on this 18th day of August 2022,**

**ORDERED** that Defendant's "Untimely Motion Pursuant to Fed.R.Crim.P. 33(a)'s Interest of Justice Provision" (ECF No 170) is **DENIED** without prejudice to Defendant seeking permission from the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255(h); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Defendant by regular U.S. mail.

Hon. Susan D. Wigenton<br>
United States District Judge

---

[1] In 1990, the Third Circuit Court of Appeals held that conspiracy to possess and distribute controlled substances, attempted murder, and conspiracy to commit murder each qualify as predicate offenses for a RICO conspiracy claim. *United States v. Pungitore*, 910 F.2d 1084, 1134 (3d Cir. 1990). Rutledge has not asserted that a new rule of constitutional law, retroactive on collateral review, holds that his drug conspiracy, murder conspiracy or his attempted murder offense are no longer predicate acts under RICO.  Furthermore, Rutledge has not established that § 2255 is an inadequate or ineffective remedy to challenge his conviction because he "had no earlier opportunity to challenge his conviction for a crime that *an intervening change in substantive law* may negate." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).